**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUEANN CANDELARIA; CHERRILL
CHIODINI; ROSA CORONEL;
JULIETTE FARRAR; CYNTHIA
PRIOLA; LINDA RANCATI,

Plaintiffs - Appellants,

v.

TREASURE ISLAND, LLC,

Defendant - Appellee.

No. 12-15337

D.C. No. 2:10-cv-00376-RLH-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted December 5, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Sueann Candelaria, Cherrill Chiodini, Rosa Coronel, Juliette Farrar, Cynthia

Priola, and Linda Rancati appeal the district court's entry of summary judgment in

favor of Treasure Island in their employment action. The appellants alleged

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, and we affirm in part and reverse in part.

We review claims under the ADEA using the three-stage burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out a prima facie case of age discrimination at the first stage of the *McDonnell Douglas* framework, the employee must demonstrate "that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) [] replaced by substantially younger employees with equal or inferior qualifications." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). We affirm the district court's entry of summary judgment for Treasure Island on Chiodini and Priola's claims because they cannot make out prima facie cases of age discrimination at the first stage of the *McDonnell Douglas* framework. Chiodini has produced no evidence that she was performing her job satisfactorily when she was terminated. Priola has not demonstrated that she was replaced by substantially younger employees.

We also affirm the district court's entry of summary judgment for Treasure Island on Candelaria's, Farrar's, and Coronel's age discrimination claims. Candelaria's evidence is insufficient for a rational jury to find that Treasure Island

2

terminated her because of her age and not because of her job performance problems. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009) (employee's age must be the "but-for" cause of the termination). A rational jury also could not conclude that Farrar was terminated because of her age and not because of her failed job audition. Finally, a rational jury could not find that Coronel was terminated because of her age and not because Treasure Island found, after a hearing, that she had made disparaging comments about management.

However, we reverse the district court's entry of summary judgment for Treasure Island on Rancati's age discrimination claim because Rancati has raised a triable issue of fact. We conclude that Rancati can make out a prima face case of age discrimination. Rancati has established that she was replaced by substantially younger employees with equal or inferior qualifications because she was at least nine years older than each of the aestheticians hired after her. Rancati has also produced sufficient evidence for a rational fact-finder to disbelieve Treasure Island's stated reasons for terminating her – her failed audition, poor job performance, and un-professionalism. It is undisputed that Rancati passed her audition. Rancati has therefore demonstrated that one of Treasure Island's stated reasons for her termination is "unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Because a jury could reasonably

conclude that this reason given by Treasure Island is false, it could also reasonably conclude that Treasure Island's other reasons were pretextual and that discrimination was the motivating factor for the termination decision. Thus, the evidence permits the reasonable inference that Rancati was terminated because of her age and summary judgment is inappropriate.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**

Each party shall bear their own costs on appeal.